**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **LIFE FLIGHT OF PUERTO RICO INC** | **CASE NO. 08-08870 BKT** |
| | **CHAPTER 11** |
| **Debtor(s)** | **ADVERSARY NO. 09-00057** |
| **LIFE FLIGHT OF PUERTO RICO INC** | |
| **Plaintiff** | |
| **TRIPLE-S, INC. (SSS); MEDICAL CARD SYSTEM INC. (MCS); INTERNATIONAL MEDICAL CARD (IMC); PMC MEDICARE   CHOICE (PMC); MMM HEALTHCARE; COOPERATIVA DE SEGUROS DE VIDA DE  PUERTO RICO (COSVI); ADMINISTRACION  DE COMPENSACIONES POR ACCIDENTES DE AUTOMOVILES (ACAA); HUMANA HEALTH  PLAN PUERTO RICO, INC.; MCA MEDICARE;ABC COMPANY; INSURANCE; and JOHN DOE** | **FILED & ENTERED ON 08/18/2009** |
| **Defendant(s)** | |

**OPINION AND ORDER**

Before this Court is Defendant Medical Card Systems, Inc.'s ("MCS") Motion to Dismiss filed on

4/6/2009 [Dkt. No. 34], and Plaintiff/Debtor Life Flight of Puerto Rico Inc.'s ("Plaintiff") Reply filed

on 8/7/09 [Dkt. No. 91].  In their motion, MCS argues that this Court lacks the subject matter

jurisdiction to adjudicate Plaintiff's requested equitable and injunctive relief, as this action is a non-

core proceeding not "related to" U.S.C. Title 11, or in the alternative, the Court must abstain from

deciding this controversy for reasons of comity because of the compelling state interests and statute

involved under the established doctrines of Burford v. Sun Oil Company, 319 U.S. 315 (1943) and

Railroad Commission of Texas v. Pullman Company, 312 U.S. 496 (1941). Given the fact that these

are state law claims that existed prior to, and independent of the filing of the bankruptcy petition, the court lacks jurisdiction over the issue. Even if the court were to find "related to" or supplemental jurisdiction, MCS points out that the basis for Plaintiff's claim, which involves no significant question of federal law, is pursuant to Article 8(c) of the Bill of Rights and Responsibilities of the Patient, Act. No. 194 of August 25, 2000. Such matters MCS states, are clearly better suited for determination by the Commonwealth Courts and the Legislature. Although MCS cites the doctrines of Pullman and Burford, this Court considers this request as a motion for abstention pursuant to 28 U.S.C.A. § 1334(c), and will not discuss these doctrines as they are inapplicable in the face of this statute.

In their reply, Plaintiff counters that the Court does have subject matter jurisdiction over this controversy as a core matter as defined in 28 U.S.C §157, 28 U.S.C. §151 and 28 U.S.C. §1334, and even it were to find only "related to" jurisdiction, the criteria necessary for abstention under 28 U.S.C. 1334 are not met. Therefore, abstention is not warranted as the outcome of this proceeding directly concerns the present and future administration of the estate.

On December 24, 2008, Plaintiff Life Flight of Puerto Rico, Inc. filed a petition under Chapter 11 of the Bankruptcy Code, and as of that date has been managing its affairs and operating its business as a debtor-in-possession. Plaintiff specializes in providing emergency medical transportation by specially equipped helicopter to patients in critical condition. The instant adversary proceeding was filed on March 23, 2009, seeking temporary and permanent injunctive relief against nine (9) defendants to prevent the unilateral determination of payments by the Defendants which are

considerably below the fair market value for air medical ambulance services.  Although it appears from the record that Plaintiff filed several actions in state court in 2008, against all or some of the named Defendants, by the time this adversary was commenced there were no pending state cases. Plaintiff Life Flight is requesting a jury trial.

**JURISDICTION**

The jurisdiction of the bankruptcy court, like that of any other federal court, is limited by statute. Section 1334(b) of Title 28 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or 'related to' cases under title 11."  The district courts may, in turn, refer "any or all proceedings arising under title 11 or arising in or 'related to' a case under title 11…to the bankruptcy judges for the district."  At its essence, bankruptcy court jurisdiction exists in cases "under" the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* and those cases "arising under," "arising in," and "related to" title 11. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). These types of proceedings are further delineated as "core" or "non-core." Because of the constitutional limits imposed upon bankruptcy court jurisdiction, distinguishing between core and non-core proceedings is vital to the exercise of jurisdiction by a bankruptcy court. A bankruptcy court may hear and finally determine all core bankruptcy proceedings; the parties' agreement is not needed. 28 U.S.C. § 157(b). In non-core "related to" proceedings, however, only the district court may enter final orders absent consent of the parties. 28 U.S.C. § 157(c).

**A. "Related to"**

Bankruptcy courts may exercise subject matter jurisdiction over core claims that "arise under" or

3

"arise in" a bankruptcy case. A bankruptcy court will also have subject matter jurisdiction over those non- core proceedings that "relate to" a bankruptcy case. In re Middlesex Power Equipment & Marine Inc., 292 F.3d 61, 68 (1st Cir. 2002). A civil proceeding is "related to" a bankruptcy case, for jurisdictional purposes, when the action between the parties affects how much property is available for distribution to creditors of the bankruptcy estate or allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities. Id. at 68 ( quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir.1991)).  "Related to" jurisdiction is limited, and bankruptcy courts lack jurisdiction over matters which will have no effect upon the debtor's estate.  By its very definition, "related-to" jurisdiction only applies in non-core matters as an alternative basis of jurisdiction. It assumes that the matter does not 'arise in' the case at hand and therefore it requires some other nexus vis-a-vis the estate involved.

"Related to" jurisdiction is the most expansive component of bankruptcy jurisdiction, see 28 U.S.C. § 1334(b), but it is not boundless. See, e.g., Arnold Print Works v. Apkin, 815 F.2d at 165, 167 (1st Cir.1987) (abstention from hearing non-core "related to" matters is permissive and sometimes mandatory). Whether the claims are sufficiently "related to" a bankruptcy case is a question of whether they are "sufficiently connected" to the debtor's reorganization.

The Third Circuit has established a much-cited standard for determining whether a proceeding is "related." In Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984), the Court described the test as whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." The First Circuit has recognized this standard. See In re G.S.F. Corp.,

4

938 F.2d 1467, 1475 (1st Cir. 1991). In addition, numerous First Circuit district and bankruptcy courts have accepted and applied this test. See, e.g., In re Santa Clara County Child Care Consortium, 223 B.R. 40, 45 (B.A.P. 1st Cir. 1998) (providing a lengthy list of First Circuit district and bankruptcy courts adopting the Pacor test); In re Remington Dev. Group, Inc., 180 B.R. 365, 368 (Bankr. D.R.I. 1995). "The usual articulation of the test for determining whether a civil proceeding is 'related to' bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d at 984, 994, overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). See also, In re G.S.F. Corp., 938 F.2d at 1475 (quoting Pacor). "An action is 'related to' bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." Pacor, Inc., 743 F.2d at 994. Accord In re G.S.F. Corp., 938 F.2d at 1475; see also, In re Parque Forestal, Inc., 949 F.2d 504, 509 (1st Cir. 1991).

Simply stated, if the determination of the controversy could have an effect on the bankruptcy estate, the controversy is a "related matter." 28 U.S.C.A. § 157(a).  Plaintiff's complaint is clear that the lack of payment from these Defendants was the direct cause of the bankruptcy filing.  The funding of the plan would come in large part from the final determination of the amounts owed. There exists a sufficient nexus between the determination of this controversy and the administration of the estate to find that this Court has jurisdiction over this matter.

**B. Core vs. Non-Core**

Once this Court's jurisdiction is established, the Court determines whether a civil proceeding is categorized as either a "core proceeding" or a "non-core proceeding." The Judicial Code differentiates between core proceedings and non-core proceedings and includes a non-exhaustive list of core proceedings. See 28 U.S.C. § 157(b)(2). Section 157 does not provide the bankruptcy courts with the full authority over all matters as to which a district court may exercise jurisdiction under Section 1334. Pursuant to 28 U.S.C. §157(b)(1), a bankruptcy judge "may hear and determine all…core proceedings arising under title 11…and may enter appropriate orders and judgments, subject to review [under 28 U.S.C. § 158]."  A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment.

Section 157(c) effectively creates three categories of proceedings: (1) a core proceeding, in which a bankruptcy court may hear the proceeding and make final determinations; (2) a non-core, related proceeding, in which a bankruptcy court may hear the proceeding, but cannot make final determinations absent consent; and (3) proceedings that are non-core and not "related to" a case under title 11, wherein a bankruptcy court may not hear the proceeding.

The Supreme Court of the United States decided upon the power of bankruptcy judges to decide core and non- core proceedings in the seminal case of Northern Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982). This case involved an adversary proceeding brought by a debtor-in-possession seeking damages for an alleged pre-petition breach of contract. The Supreme Court held

that the proceeding could not be finally adjudicated by the bankruptcy court. The Court explained that while the restructuring of debtor-creditor relationships is at the core of the federal bankruptcy power, the adjudication of state-created private rights is not. *Id.* at 71.

The First Circuit defines non-core proceedings as "claims concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights, referring to them as 'Marathon-type suits.'" In re Arnold Print Works, Inc., 815 F.2d at 167 (quoting 130 Cong. Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)). In this case, the court ruled that bankruptcy courts were empowered to finally determine suits filed by an estate representative to collect debts arising after the commencement of the bankruptcy case, but not empowered to finally determine suits relating to debts arising before commencement of the case. In re Arnold Print Works, 815 F.2d at 168. While the former was deemed to be core, the latter was deemed non-core. *Id.* The court based its decision on Marathon stating that: "[n]on-core proceedings, those that the statute calls 'related to' bankruptcy cases, concern aspects of the bankruptcy case that Marathon barred non-Article III judges from determining on their own." *Id*. at 167.

Actions initiated in the bankruptcy court to collect pre-petition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core. 1 Lawrence P. King et al, *Collier on Bankruptcy* ¶ 3.01 [2][b][iv] at 3-51 (15th ed. 1991). The present adversary proceeding relates to a pre-petition action for collection of 'accounts due' that commenced outside the bankruptcy court. The Plaintiff's action could survive outside of bankruptcy and in the absence of

bankruptcy, would have been resolved in local court. Plaintiff's action relates to a pre-petition claim arising under local law which is deemed non- core under cited case law and specifically pursuant to the Supreme Court's decision in Marathon. Cases where courts find that there is "related to" jurisdiction are deemed non-core.

By definition, these actions are non-core related proceedings because they existed prior to the filing of the bankruptcy petition. In re Mec Steel Bldgs., Inc., 136 B.R. 606 (Bankr. D.P.R. 1992), a case which involved an almost identical scenario as the matter before this Court, a chapter 11 debtor brought suit against a defendant to recover an alleged pre-petition debt, seeking a recovery of $15,500. The debtor argued that this involved administration of the estate and the turning over of property of the estate, both core proceedings under 28 U.S.C. § 157(b)(2). The court in Mec Steel Bldgs. concluded that "actions initiated in the bankruptcy court to collect prepetition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate, or actions for the turnover of property of the estate in order to categorize them as core." In re Mec Steel Bldgs. 136 B.R. at 609. The Court went on to hold that: "[i]f an action survive[s] outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves non- core matter." *Id*. Applying the case law and statutes to the facts of the case before us, this Court concludes that this is a non-core proceeding "related to" a case under Title 11.

**ABSTENTION**

Our analysis now turns to whether this Court should consider abstaining from this proceeding altogether, even though jurisdiction has been established over the controversy. 28 U.S.C. § 1334(c)

provides for two types of abstention, mandatory and discretionary (sometimes referred to as permissive). Mandatory abstention under §1334(c)(2) provides that "upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, "related to" a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction." The key factors for discretionary abstention under 28 U.S.C. § 1334 (c)(1) implicate: (1) the interest of justice; (2) the interest of comity with state courts; or (3) respect for state law.

**A. Mandatory Abstention**

Therefore, in order for mandatory abstention to apply, the proceeding must: 1) be based on a state law claim or cause of action, 2) lack a federal jurisdictional basis absent the bankruptcy, 3) be commenced in a state forum of appropriate jurisdiction, 4) be capable of timely adjudication, and 5) be a non- core proceeding. 28 U.S.C. Sec. 1334(c)(2).  "Pursuant to section 1334(c)(2), the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court.'" In re Interamericas Turnkey Development Co., Inc., 94 B.R. 9, 13 (D.P.R. 1988), citing Matter of Candelero Sand & Gravel, Inc., 66 B.R. 903, 908 (D.P.R. 1986)(quoting State Bank of Lombard v. Chart House, 46 B.R. 468, 472 (N.D. Ill. 1985)); see also Goya Foods v. Unanue-Casal (In re Unanue-Casal), 164 B.R. 216, 222-23 (D.P.R. 1993)(discussing requirements for mandatory abstention), aff'd., 32 F.3rd. 561 (1st Cir.

1994).  The language of the statute is clear that one of the prerequisites for mandatory abstention is that an action must have been initiated in a state forum with jurisdiction. See, <u>Juan Flores Rivera v. Telemundo Group</u>, 133 B.R. 674 (D.P.R. 1991); <u>In re Mec Steel Bldgs., Inc</u>., 136 B.R. at 610. Applying these factors to the present case, it is clear that all factors can be satisfied except for, arguably, factor four where the timeliness of the resolution in state court could be questioned; and factor three, which requires that a state court case be pending. As there is no state litigation pending in this case, and in view of the facts that not all of the required elements for mandatory abstention are met, abstention in this form is deemed inapplicable.

**B. Discretionary Abstention**

Even though mandatory abstention does not apply, § 1334(c)(1) provides for discretionary or permissive abstention. Section 1334(c)(1) states that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or 'related to' a case under title 11." However, discretionary abstention is not warranted despite the fact that state law issues are predominant when the applicable state law is neither unsettled nor difficult, or the matters involved do not have an impact on state policy. Telemundo, 133 B.R. at 675.

In <u>Telemundo</u>, The District Court of Puerto Rico listed the factors to consider upon reaching a determination as to discretionary abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettle nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other non bankruptcy

court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted core proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy's court] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

Telemundo, 133 B.R. at 677.

This case involves a collection of monies action which requires the application of well established state law. The fact that the case involves issues of state law alone is not sufficient to warrant abstention. In fact, upon considering core matters this court must interpret state law routinely. For example, when deciding which creditor has a better claim, the court must look at the validity of the lien according to state law. See, In re Arnold Print Works, 815 F.2d at 169. As to the interest of justice, an abstention with respect to the Plaintiff's dispute would not advance judicial economy or the administration of this bankruptcy case. The non-core related proceeding could result in the payment of the substantial amounts claimed to be owed. This fact should be determined in the context of this bankruptcy case and should not be delayed as the result of requiring Plaintiff to commence another case in the state court. See, In re Earle Industries, Inc., 72 B.R. 131, 134 (Bankr. E.D. Pa. 1987); In re Climate Control Engineers, Inc., 51 B.R. 359, 363 (Bankr. M.D. Fla. 1985) ("Because there is no action commenced in state court covering the same subject matter ... and because the power to abstain should be exercised sparingly"). In regard to the interest of comity with state courts, there is no action pending in state court covering the same subject matter.  As to the requirement regarding the respect for state law, the action for payment of amounts due does not involve unsettled issues of state law or matters of substantial public importance. Telemundo, 133

11

B.R. at 675. Therefore, discretionary abstention with regard to Plaintiff's claims, in either its mandatory or discretionary form, is inapplicable to this proceeding.

**CONCLUSION:**

Based upon the foregoing, the motion to dismiss filed by MCS is hereby DENIED. Defendant MCS is hereby ordered to file an answer to the complaint within ten (10) days, and to file a legal brief as ordered at the August 7, 2009 hearing within twenty (20) days.

SO ORDERED.

San Juan, Puerto Rico, this 18 day of August, 2009.

**Brian K. Tester**
**U.S. Bankruptcy Judge**