IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

LIFE FLIGHT OF PUERTO RICO INC

Debtor(s)
LIFE FLIGHT OF PUERTO RICO INC

Plaintiff

TRIPLE-S, INC. (SSS); MEDICAL CARD
SYSTEM INC. (MCS); INTERNATIONAL
MEDICAL CARD (IMC); PMC MEDICARE
CHOICE (PMC); MMM HEALTHCARE;
COOPERATIVA DE SEGUROS DE VIDA DE
PUERTO RICO (COSVI); ADMINISTRACION
DE COMPENSACIONES POR ACCIDENTES DE
AUTOMOVILES (ACAA); HUMANA HEALTH
PLAN PUERTO RICO, INC.; MCA MEDICARE;
ABC COMPANY; INSURANCE; and JOHN DOE

Defendant(s)

CASE NO. 08-08870 BKT
CHAPTER 11

ADVERSARY NO. 09-00057

FILED & ENTERED ON 12/30/2009

OPINION AND ORDER

Before this Court is Plaintiff Life Flight of Puerto Rico, Inc.'s Memorandum Regarding "Same Services" [Dkt. No. 106] and Defendant's Medical Card System, Inc. ("MCS") Memorandum of Law on the issue of Emergency Services [Dkt. No. 102], and International Medical Card's ("IMC") Memorandum of Law in Compliance with Order.  On 8/7/2009, this Court held a pre trial conference in which it was determined that the crux of the adversary was the finding of whether the air ambulance services provided by Plaintiff were the "same service" as the other providers contracted by Defendants to provide air ambulance services. The failure of Plaintiff to carry the burden of proof on this issue would be fatal to the adversary case.  The Court ordered the parties to file

1

simultaneous briefs on this issue alone, and to refrain from filing dispositive motions until this matter was determined by the Court. In response to that order, two of the defendants mentioned above filed a memorandum on the issue of "same service", and five of the Defendant's filed summary judgment motions whose adjudication is also covered by this Opinion and Order. Those five Defendant's were Triple S Salud [Dkt. No. 103]; MMM Healthcare ("MMM") and PMC Medicare Choice Inc.("PMC") [Dkt. No. 108]; Cooperativa de Seguros de Vida de Puerto Rico ("COSVI") [Dkt. No. 116]; and Humana Health Plan Puerto Rico, Inc. ("Humana") [Dkt. No. 121].

BACKGROUND

Life Flight was incorporated in Puerto Rico in March 2006, and was fully functional by September 2007. On December 24, 2008, Plaintiff Life Flight of Puerto Rico, Inc. filed a petition under Chapter 11 of the Bankruptcy Code, and as of that date has been managing its affairs and operating its business as a debtor-in-possession. Plaintiff specializes in providing emergency medical transportation by specially equipped helicopter to patients in critical condition. The instant adversary proceeding was filed on March 23, 2009, seeking temporary and permanent injunctive relief against nine (9) defendants to prevent the unilateral determination of payments by the Defendants which are considerably below the fair market value for air medical ambulance services. It is undisputed in the record before us that Plaintiff provided air ambulance

services to the beneficiaries of all seven Defendants as an out of network provider, that is, no direct contract existed between Plaintiff and Defendants for the provision of services.  In contrast, Defendant's state in their briefs that they each have a provider agreement with the only other company in Puerto Rico dedicated to providing air ambulance services around the island, Aeromed Services Corporation ("ASC").

**PLAINTIFF'S ARGUMENT**

In their Memorandum, Plaintiffs concur with Defendant's assertion that the only other air ambulance provider in Puerto Rico is ASC and that the quality of service provided to a patient en route to a facility, as well as the size and accommodations on the helicopter transport are inferior to what Plaintiff provides.  Plaintiff's helicopters are spacious and allow for the emergency treatment of the entire patient, along with two paramedics or nurses, and additional room for family members. In addition that space can be converted to allow for two stretchers. The helicopters contain an integrated incubator for premature born infants.  The on board staff are also licensed to administer controlled drugs during the flight through a state licensing program. An additional license issued by the United States Department of Justice, Drug Enforcement Administration, allows Plaintiff to keep in stock controlled drugs in compliance with federal regulations, and allows the administration of both state and federal controlled drugs.  Plaintiff states that ASC helicopters have only a rear entry access for patients which results in limited access to the patient's body for treatment. In sum, Plaintiff's services are more

3

comprehensive and sophisticated than any such service in Puerto Rico, and are by no means the "same services" that ASC provides.

**DEFENDANT'S ARGUMENTS AND LEGAL DISCUSSION**

With the exception of MMM and PMC whose arguments rest on the payment schedule provided by the Medicare Advantage Plan for the benefit of elderly and disabled population and the Payment Guide for Out of Network participants [which refers to the Ambulance Fee Schedule which is strictly utilized for payment of air ambulance services], all of the Defendants who briefed the issue rely on Article 8(c) of the Act. No. 194 of August 25, 2000, 24 LPRS § 3046(c), also known as the Patient's Bill of Rights and Responsibilities.

Article 8(c) of the Patients' Bill of Rights provides:
> All health care plans in Puerto Rico shall provide emergency service benefits  with no waiting period. The previous authorization of the insurer shall not be required when providing these emergency services; furthermore, these services shall be provided regardless of whether the provider of such emergency services is a participating provider. In the event that a patient is provided services by a provider not contracted by the insurer, the patient shall not be held liable for the payment of services in an amount exceeding the amount applicable if the patient had received such services from a provider contracted by the insurer. The insurer shall compensate the provider offering the services, and the provider shall be under the obligation to accept said compensation, for an amount not to be less than the agreed with the providers contracted by the insurer to offer the very same services. Moreover, under these circumstances, such emergency services shall be provided regardless of the conditions set forth by the corresponding health care plan. 24 P.R. Laws Ann. § 3046(c). (emphasis added)

The Office of the Patient's Advocate, an administrative agency created through designation by the Puerto Rico Health Department reiterates the provisions set forth in the Patients' Bill of Rights. As such, Section

4

12.1(A)(4) of Regulation 7617, Regulation to Implement the Provisions of Law No. 194 of August 25, 2000, as amended, "The Bill of Rights and Responsibilities of the Patient of Puerto Rico", states that an insurance company will be responsible for paying a non-contracted provider for emergency medical services rendered in an amount which is to be no less than what it pays its contracted provider. More importantly, Regulation 7617 imposes on non-providers the obligation to accept such payment.  It is clear, and this Court agrees, that there are no existing state legal requirements for any of the Defendant's to have paid Plaintiff, a non-contracted provider, any other amount other than what the defendant was paying ACS, which was a contracted provider for the Defendants.  State law has created a mechanism under which payment for non contracted services are to be made without distinction as to the equipment utilized to provide such services.

To bolster the argument that all air ambulance service is considered the "same", Defendant's cite Regulation no. 6737 (Regulation for Ambulance Services in Puerto Rico) enacted by the Puerto Rico Public Service Commission.  The Public Service Commission regulates ambulance services in Puerto Rico and only identifies one category of air ambulance service (Category IV), making no distinction between different types of air ambulances.  It is important to note that for ambulances that provide land transportation three distinct categories exist depending on the level of care available in each.

**CONCLUSION:**

**Based upon the foregoing, this Court determines that the qualitative distinction between air ambulance services sought by Plaintiff does not exist under the local applicable laws and regulations. In accordance with this opinion, the adversary proceeding is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

**SO ORDERED.**

**San Juan, Puerto Rico, this 30 day of December, 2009.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**